IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CELESTE JANYA MAY, | : | |
| Plaintiff | : | |
| v. | : | CASE NO. 5:11-CV-326-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Officer YOUNG, | : | |
| Defendant. | : | |

## **O R D E R**

Presently pending before the Court is Defendant Young's motion to dismiss Plaintiff's Complaint (ECF No. 21). Specifically, Defendant claims that Plaintiff's Complaint should be dismissed for her failure to exhaust and to allege a physical injury. (Def.'s Br. in Supp. of his Mot. to Dismiss 2-4, ECF No. 21-2.) Also pending is Plaintiff's Motion to Appoint Counsel (ECF No. 12). For the reasons described below, the Court denies Defendant's motion to dismiss and Plaintiff's request for counsel.

### BACKGROUND

This Complaint arises out of an incident Plaintiff alleges occurred while she was being held in isolation. Plaintiff alleges as follows:

> On February 6, 2011 at approximately 9:45 or 10 pm while I was being held in isolation, I ask Officer Veal for a cup of water. Officer Veal never returned with the water. Officer Young then came inside my cell and ask me for sexual favors. I refused Officer Young twice and Officer Young [proceeded] to pull out his penis. I then bit Officer Young on his penis. Officer Young then left my cell. Officer Young then returned and gave me a cup of water.

(Suppl. Compl. 5, ECF No. 14.)  Plaintiff seeks relief in the form of criminal charges being pressed against Officer Young and monetary damages from Baldwin County.  (*Id.* at 7.)  On February 6, 2012, Defendant Young moved to dismiss Plaintiff's Complaint. Specifically, Defendant Young claims that Plaintiff's Complaint should be dismissed for failure to exhaust and for failure to allege a physical injury.  That motion is presently pending before this Court.

## DISCUSSION

I.  **Motion to Dismiss**

A.  Failure to exhaust administrative remedies

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).  The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.  *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendant moves to dismiss for lack of exhaustion claiming that Baldwin County Jail had a grievance procedure in place, that this procedure was set forth in the Inmate Handbook provided to inmates, that detention officers are trained to provide inmates with grievance forms, and that Plaintiff did not take advantage of the grievance procedure. (Def.'s Br. in Supp. 2-3.)  Plaintiff admits in her Complaint that she did not use the grievance procedure (Suppl. Compl. 3-4), but states that she told multiple officers about the incident (Suppl. Compl. 5-6), that while in isolation she asked for grievances in order to complain about the incident, and that she was not provided with grievance forms despite asking for them. (Resp. to Mot. to Dismiss 1, ECF No. 26.) Additionally, in her Complaint Plaintiff states that she filled out a "statement form" provided to her by Officer Veal, but that form is not in the record. (Suppl. Compl. 5-6.) Finally, Plaintiff states that in late February 2011 she was transferred from Baldwin County Jail to Jones County Jail where she "wrote [grievances] everyday." (Pl.'s Br. 6, ECF No. 24.) The

3

Court must take Plaintiff's version of the facts as being true. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011). Based upon the facts as Plaintiff alleges, there is a question of fact as to the availability of the administrative remedies and her Complaint cannot be dismissed for lack of exhaustion at this first step.

Since the Complaint was not dismissed at the first step, the Court can then make factual findings relating to exhaustion, but the Defendant bears the burden of establishing a lack of exhaustion. *Turner*, 541 F.3d at 1082-83. The record in this case is insufficient for the Court to make a factual determination regarding whether Plaintiff exhausted her administrative remedies. Plaintiff states (1) that she asked for grievances from the Baldwin County officers, but that she did not receive them (Resp. to Mot. to Dismiss 1), and (2) that while in Jones County Jail she filed multiple grievances (Pl.'s Br. 6). While the Defendant has produced evidence about the general practices of the Baldwin County Jail regarding grievances, he has failed to produce any evidence regarding these two assertions by Plaintiff. Furthermore, Defendant states that Plaintiff was in Baldwin County Jail from the February incident until May 11, 2011, but does not address whether Plaintiff was transferred to Jones County Jail during that time or whether she filed any grievances relating to the February incident while at Jones County Jail. (*See* Petty Aff. ¶¶ 6, 8, Jan. 31, 2012, ECF No. 21-1; Def.'s Br. 2.) It is the Defendant's burden to establish a lack of exhaustion and, on the current record, Defendant has failed to meet this burden at step two of the analysis. Defendant's motion to dismiss is therefore denied.

B.      Failure to allege physical injury

Defendant also contends that Plaintiff's Complaint should be dismissed for failure to allege a physical injury. (Def.'s Br. in Supp. 3-4.) Section (e) of 42 U.S.C. § 1997e provides that "[n]o Federal civil action may be brought a prisoner confined in a . . . correction facility[] for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff alleges in her Complaint and Brief that Officer Young asked her for sexual favors, approached her, pulled out his penis, and attempted to elicit oral sex from Plaintiff. (Supp. Compl. 5-6; Pl.'s Br. 1-2.) In response, Plaintiff alleges she bit Officer Young on the penis. (*Id.*) These allegations are sufficient to survive Defendant's motion to dismiss.

**II.     Motion to Appoint**

Plaintiff asks that this Court appoint her counsel. (ECF No. 12.) Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying her claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. The Court on

5

its own motion will consider assisting Plaintiff in securing legal counsel *if and when* it becomes apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights. Accordingly, Plaintiff's motion for appointment of counsel is denied at this time.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (ECF No. 21) is denied. Plaintiff's motion to appoint (ECF No. 12) is also denied. The Court notes that the Defendant has previously requested additional time within which to file dispositive motions should the motion to dismiss be denied (ECF No. 27). That motion was granted to allow Defendant fifteen days to file any dispositive motions from the date of this Order. Should either party feel that more time for discovery or the filing of dispositive motions is necessary, he or she should make a motion to the Court within the fifteen days already provided.

SO ORDERED, this 2nd day of August, 2012.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE