IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CELESTE JANYA MAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:11-CV-326 (MTT) |
| ) | |
| **Officer YOUNG,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

Before the Court is the "Order" of United States Magistrate Judge Stephen Hyles (Doc. 30) denying the Defendant's Motion to Dismiss. (Doc. 21). At the outset, the Court notes that it construes the Magistrate Judge's "Order" as a Report and Recommendation pursuant to 28 U.S.C. § 636(b). *See* Local Rule 72.3. Similarly, the Court treats the Defendant's "Objection to Order" (Doc. 33), filed pursuant to Fed. R. Civ. P. 72(a), as an Objection to recommendations made by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).[1]

The Defendant seeks dismissal of the Plaintiff's claims for failure to exhaust administrative remedies and failure to allege a physical injury as required by the Prison Litigation Reform Act ("PLRA"). (Doc. 21). The Magistrate Judge recommends denial of the Defendant's Motion. (Doc. 30). As noted above, the Defendant has objected to this recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the

---

[1] In his "Objection to Order," the Defendant notes that regardless of whether he proceeds via 28 U.S.C. § 636(b)(1) or Rule72(b), the substance of his filing would remain the same. (Doc. 33, n.1).

Defendant's objection and made a de novo determination of the portions of the Magistrate Judge's recommendation to which he objects.

The Defendant objects to the Magistrate Judge's consideration and interpretation of the Plaintiff's filings as evidence of her efforts to use the Baldwin County jail's grievance process. (Doc. 33 at 2). However, as outlined in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008), the legal standard that governs the Defendant's motion entails the evaluation of "factual allegations," *id.*, not "admissible evidence" as the Defendant argues. (Doc. 33 at 3). Here, the Magistrate Judge correctly observes that the Plaintiff alleges various means by which she tried to report her grievance to jail officials. Moreover, she alleges she was denied grievance forms after requesting them. (Doc. 26). Notably, "'[a] remedy has to be available before it must be exhausted.'" *Turner*, 541 F.3d at 1084 (quoting *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1322-23 (11th Cir. 2007)). Taking the Plaintiff's allegations as true, she was stymied in her attempts to exhaust her administrative remedies. The Defendant, then, must refute her claims. And the Magistrate Judge is correct in determining that the Defendant has not produced evidence that addresses the Plaintiff's specific allegations.

The Defendant also contends the Plaintiff has not alleged a physical injury as required by the PLRA. However, the Plaintiff goes beyond stating a case for mere harassment and alleges what amounts to a sexual assault – that the Defendant removed his penis from his pants and began to engage the Plaintiff in forced oral sodomy. That a physical assault, as opposed to verbal harassment, took place may be inferred from the fact that the encounter apparently did not end until the Plaintiff bit the Defendant's penis. If true, the Plaintiff is a victim of sexual assault and has incurred

more than a "de minimis physical injury." (Doc. 33 at 8).  At this stage of the proceedings, the Plaintiff has sufficiently stated a claim that will survive the Defendant's motion to dismiss.

Accordingly, the Magistrate Judge's recommendation is adopted and made the order of this court.  The Defendant's Motion to Dismiss is **DENIED**.

**SO ORDERED**, this 6th day of September, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT