IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CELESTE JANYA MAY,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-326 (MTT) |
| **Officer YOUNG,** | ) |
| Defendant. | ) |

### ORDER

Before the Court is the Plaintiff's "Motion to Why Appt. Counsel Shouldn't be Dismissed," (Doc. 34), which the Court construes as a Motion for Reconsideration of the Magistrate Judge's decision to deny appointed counsel to the Plaintiff (Doc. 30).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, the Plaintiff has not met this burden. She has not alleged an intervening change in the law nor presented new evidence previously unavailable to her, and the Court is not persuaded the Magistrate Judge's ruling was clearly erroneous. Accordingly, the Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 23rd day of January, 2013.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT