IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CELESTE JANYA MAY, | : |
| Plaintiff | : |
| v. | : CASE NO. 5:11-CV-326-MTT-MSH |
| | : 42 U.S.C. § 1983 |
| Officer YOUNG, | : |
| Defendant. | : |

### **REPORT AND RECOMMENDATION**

Presently pending before the Court is Defendant Young's motion for summary judgment (ECF No. 38). Initially, Defendant has introduced additional evidence to show that Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies. (Def.'s Br. in Supp. of his Mot. for Summ. J. 2-4, ECF No. 42.) Because the Court agrees that Plaintiff's Complaint should now be dismissed for failure to exhaust, the Court declines to address Defendant's additional arguments. For the reasons described below, the Defendant's motion for summary judgment should be granted.

### **BACKGROUND**

Plaintiff seeks damages for a claimed sexual assault by Defendant Young while she was being held in isolation at Baldwin County Jail. (Suppl. Compl. 5, 7, ECF No. 14.) Defendant moved to dismiss Plaintiff's Complaint for lack of physical injury and for failure to exhaust her administrative remedies. (ECF No. 21.) The Court denied that motion finding that Plaintiff had sufficiently alleged a physical injury to survive a motion

to dismiss and that Defendant had failed to meet its burden to establish that Plaintiff had failed to exhaust her administrative remedies. (Order 2-3, Sept. 6, 2012, ECF No. 35.) Specifically, regarding the failure to exhaust, the Court explained that Plaintiff had sufficiently alleged that the administrative remedies were not made available to her. (*Id.* at 2.) Defendant has since taken Plaintiff's deposition and presents further evidence to meet its burden that Plaintiff failed to exhaust her administrative remedies.

## DISCUSSION

### I. Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

### II. Failure to exhaust administrative remedies

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. "[W]hen a state provides a grievance procedure

for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

This Court has already found that Plaintiff's Complaint cannot be dismissed at the first step in the evaluation process.[1]  (Report & Recommendation 4, Aug. 2, 2014, ECF

---

[1] Baldwin County Jail has a one-step grievance process. An inmate should request a formal grievance form and complete it within five days of the date of the incident. (Petty Decl. Ex. 1 at

No. 30.) Specifically, Plaintiff argued in response to the motion to dismiss that while she admittedly did not use the grievance process to complain about the alleged sexual assault, she asked for grievance forms but was not provided with them. (Resp. to Mot. to Dismiss 1, ECF No. 26.) Plaintiff also argued that she filled out a "statement form" provided to her by another officer, but that that form does not appear in the record. (Suppl. Compl. 5-6.) Thus, the Court concluded that, taking Plaintiff's version of the facts as being true, Plaintiff had alleged that the administrative remedies were unavailable to her.

The Court now turns to the second *Turner* step, where the Defendant bears the burden of establishing a lack of exhaustion. *Turner*, 541 F.3d at 1082-83. Previously, the Court found that Defendant had not produced evidence to rebut Plaintiff's specific allegations regarding the unavailability of the administrative remedy. (Order 2, Sept. 6, 2012.) Defendant has now met his burden and established that Plaintiff failed to exhaust her administrative remedies.

In her deposition, Plaintiff states that she had been to Baldwin County Jail before and that she knew that there was a grievance procedure. (May Depo. 54:25-55:23, Nov. 7, 2011, ECF No. 41.) She states that in order to get a grievance form to fill out, you would have to "ask the officer for it." (May Depo. 55:23.) Plaintiff avers that there were several times when she asked for grievance forms, but did not receive them. (May Depo. 65:2-20..) However, Plaintiff admits that in the time she was at Baldwin County Jail, she filled out more than ten but less than twenty grievance forms. (May Depo. 67:8-14.)

---

13-14, ECF No. 21-1.) Although an inmate can request an appeal on the grievance form itself, this appeals process is not explained in the inmate handbook. (*Id.*; *see also* Petty Decl. Ex. 2.)

Plaintiff further states that the first time she filled out a grievance form was on February 7, 2011, the day after the incident with Defendant Young. (May Depo. 56:8-19; 58:17-19.) Instead of turning this grievance form in to an officer, Plaintiff "put it up." (*Id.* at 59:7-13.) Thus, from Plaintiff's own admission, Plaintiff was provided a grievance form the day following the alleged incident with Defendant Young, Plaintiff filled out this form, but Plaintiff failed to turn this form into any officer.

In response to the motion for summary judgment, Plaintiff contends that she "had no knowledge of any grievance procedures while incarcerated at . . . Baldwin County [Jail.]" (Pl.'s Resp. to Def.'s Mot. for Summ. J. 6, ECF No. 49-2.) Plaintiff bases this argument on the fact that she never received an inmate handbook from Baldwin County. (*Id.*) However, in Plaintiff's deposition testimony, Plaintiff admitted that she knew that Baldwin County had a grievance procedure and that she filled out multiple grievance forms. Plaintiff's own sworn statements contradict her argument. The Court therefore finds that Plaintiff had administrative remedies available to her, but that she failed to exhaust those remedies. Consequently, Defendants' motion seeking dismissal for failure to exhaust should be granted.

## CONCLUSION

For the reasons explained above, Defendants' motion for summary judgment should be granted and Plaintiff's Complaint should be dismissed for Plaintiff's failure to exhaust her administrative remedies. WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Motion for Summary Judgment (ECF No. 38) be GRANTED. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this

Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

    SO RECOMMENDED, this 20th day of August, 2013.

                                            S/ Stephen Hyles
                                            UNITED STATES MAGISTRATE JUDGE