IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CELESTE JANYA MAY,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-326 (MTT) |
| **Officer YOUNG,** | ) ) ) |
| **Defendant.** | ) ) |

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Stephen Hyles. (Doc. 51). Judge Hyles recommends the Defendant's motion for summary judgment[1] (Doc. 38) be granted and the Plaintiff's claims dismissed because she has failed to exhaust her administrative remedies.

---

[1] An exhaustion defense "is not ordinarily the proper subject for a summary judgment; instead it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'" *Bryant v. Rich,* 530 F.3d 1368, 1375 (11th Cir.2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368–69 (9th Cir.1988)). Accordingly, the Court construes the Defendant's summary judgment motion as a renewed motion to dismiss based on additional exhaustion-related evidence acquired since the denial of his first motion to dismiss. (Doc. 30). Moreover, notwithstanding his inclusion of the typical summary judgment standard, it is clear the Magistrate Judge followed the correct procedural framework of *Turner v. Broadside* in deciding whether the Plaintiff had exhausted her administrative remedies. 541 F.3d 1077 (11th Cir. 2008). However, the Court now disavows the summary judgment standard and clarifies that it treated the Plaintiff's allegations as true and made specific factual findings on disputed facts in accordance with *Turner*. *See Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (vacating and remanding district court's entry of summary judgment for failure to exhaust because it disregarded *Bryant* and *Turner*, did *not* treat the plaintiff's allegations as true, and did *not* make specific factual findings on disputed facts). Further, because the Court does not reach the merits of the Plaintiff's case, dismissal is without prejudice.

The Plaintiff filed an objection to the recommendation.  (Doc. 52).  The Court has considered the Plaintiff's objection and made a de novo determination of the portions to which she objects.  With the exception of the summary judgment standard, the Recommendation is **ADOPTED** and made the Order of the Court.  The Plaintiff's claims are **DISMISSED without prejudice**.

**SO ORDERED**, this 12th day of September, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT